UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES, | CASE NO. ED CV 12-158-R (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| COURT, | |
| Respondent. | |

On January 11, 2012, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") in the district court for the Northern District of California, which was then transferred to this court. Although the Petition is largely incomprehensible, the Court assumes that Petitioner is attempting to challenge his Riverside County Superior Court conviction for second degree murder and involuntary manslaughter and his 15 years-to-life sentence. (Petition at 2.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred, fails to present any grounds for relief, and fails to name a respondent.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, the Petition does not make

clear when his conviction became final because Petitioner has not provided the date that the state supreme court denied review. (*See* Petition at 5.) In light of Petitioner's conviction date of 1995 or 1996, however, it is more than likely that his conviction became final no later than 1996 or 1997. Assuming that the statute of limitations expired one year later, in 1998, it appears that Petitioner filed this Petition more than 13 years after the deadline. The statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida,* __ U.S. __, 130 S. Ct. 2549, 2560 (2010). Here, however, Petitioner has presented no basis for tolling the limitations period. Accordingly, the Petition appears to be untimely.

Additionally, Petitioner has failed to state *any* intelligible grounds for relief.[1] Instead, he has sprinkled nonsensical phrases throughout the Petition. None of them raises a claim. (See Petition at 2-6.)

Finally, Petitioner has failed to name a respondent to his Petition. Under the rules governing federal habeas corpus relief, Petitioner is required to name "the state officer having custody" of him, typically the warden of the facility in which Petitioner is incarcerated, as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name the correct respondent deprives this Court of personal jurisdiction. *Id.*

---

[1] Petitioner's failure to demonstrate any grounds for relief means, of course, that he has also failed to demonstrate that he has presented his claims to the California Supreme Court, as he is required to do. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

1     IT IS THEREFORE ORDERED that, no later than **March 8, 2012**,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed with prejudice because it is barred by the statute of
4 limitations, fails to raise a claim, and fails to name a respondent.
5 Failure to timely file a response will result in a recommendation that
6 this case be dismissed.
7     DATED: February 7, 2012.

                                    /s/ Patrick J. Walsh
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\ROBLES, G 158\OSC dismiss pet.wpd